UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERIC CROSSLIN,

Defendant.

CAUSE NO. 2:20-CR-165

## OPINION AND ORDER

Eric Crosslin pleaded guilty to distributing cocaine and was sentenced to 92 months in prison. [DE 55, 4; DE 97, 42: 16-20.] Crosslin now seeks to have his conviction set aside under 28 U.S.C. § 2255 claiming he received ineffective assistance of counsel. He did not, and his request will therefore be denied.

## Legal Standard

The federal habeas corpus statute, codified at 28 U.SC. § 2255(a), authorizes a prisoner who has been sentenced to return to the court in which he was convicted and request his release on the grounds that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief under § 2255 is only available "in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021) (quoting *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014)); *see also*, *Coleman v. United States*, 79 F.4th 822, 826 (7th Cir. 2023) (describing relief under §

1

2255 as an "extraordinary remedy and therefore only available in limited circumstances") (citation omitted).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the assistance of counsel for his defense. U.S. Const. amend. VI. Here, Crosslin is requesting relief under § 2255 claiming that he was denied his Sixth Amendment right to the effective assistance of counsel. When reviewing a § 2255 motion claiming ineffective assistance of counsel, I evaluate the claim using the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007). This involves a review of counsel's performance as well as whether there was prejudice against the defendant. *Id.* If the petitioner fails to prove that one prong is satisfied, there is no need for the Court to evaluate the other prong. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

First, Crosslin must prove that his attorney's performance fell below an objective standard of reasonableness. Generally, courts take a deferential view of an attorney's performance, with the presumption being that counsel's conduct falls within the wide range of reasonable professional assistance. *See United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Jordan v. Hepp*, 831 F.3d 837, 846 (7th Cir. 2016) (quoting *Strickland*, 466 U.S. at 690). For the Court to decide that counsel's representation was inadequate, counsel's representation of the defendant must have fallen "below an objective standard of

reasonableness." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citation omitted). This is a tall order. *See Jordan*, 831 F.3d at 846.

Second, under *Strickland*, Crossland must show evidence of prejudice, meaning a showing that but for the attorney's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 761 (quoting *Strickland*, 466 U.S. at 694); *Lee v. Galloway*, 106 F.4th 668, 673 (7th Cir. 2024). This requires a showing that the lawyer "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *United States v. Hise*, 65 F.4th 905, 909 (7th Cir. 2023) (citation omitted). A review of whether counsel's performance caused prejudice is "highly deferential to counsel and presumes reasonable judgment and effective trial strategy." *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005).

### Discussion

Crosslin argues that counsel was ineffective during sentencing on July 25, 2024 by not "arguing the guideline range during sentencing," namely not arguing the issue of treating crack cocaine as powder cocaine for sentencing purposes. [DE 99, 6.] He seemingly argues that the Court improperly found that his applicable guideline range was 110-137 months, and this was due to counsel's error.  He claims the range should have been calculated as 77-96 months.  Crosslin concludes that he would have received larger downward variance if I had started with a guideline range of 77-96 months. *Id.* at 7.

The Court does not find that counsel was ineffective on these grounds. Most

notably, the argument does not represent what happened at Crosslin's sentencing. At sentencing, counsel requested that the "Court accept the agreement of the parties that crack be treated the same as powder cocaine" to "reduce the total offense level" and "urge[d] the Court to sentence Mr. Crosslin based on the guideline calculations with the variance to powder cocaine." [DE 97, 18:1-4; 27:10-14.] Counsel reached an agreement with the government that the crack cocaine should be treated as powder cocaine, which would reduce the guidelines from 110-137 months to 77-96 months, which the Court took "into account" at sentencing. [DE 97: 37:19-24.] Moreover, counsel strongly advocated for a sentence of 77 months incarceration, which was the minimum under the reduced guideline range. [DE 97.] In other words, counsel *did* argue the exact points Crosslin seems to assert that she did not.

This was not ineffective advocacy. As the Court stated on the record, "when I came out here it was my intention to give a sentence of 110 months. I was going to disregard the government's suggested treatment of the crack and powder as one and the same. But after hearing the argument and the government's position on that, I'm going to go along with that and vary downward to some extent." *Id.* at 41:24-42:4. As the government argues in its response, the Court noted and considered the parties' agreement related to the downward variance based on the crack cocaine disparity and did in fact vary the sentence downwards. [DE 98, 5-6.] Somehow, Crosslin asserts that this is "false." [DE 99, 7.] But it simply isn't. It is precisely what I did when I sentenced Crosslin to a below guidelines sentence.

The Court considered the parties' agreement as to the treatment of powder

versus crack cocaine when sentencing Crosslin, along with a host of other factors. Namely, the Court considered Crosslin's extensive and "frightening" criminal history demonstrating a "proclivity for violence," when sentencing Crosslin to 92 months. *Id.* at 40:5-42:19. In other words, applying the factors under 18 U.S.C. Section 3553(e), I exercised the discretion given to me in arriving at the sentence in this case. *United States v. Carter*, 961 F.3d 958, 959 (7th Cir. 2020); *United States v. Sonnenberg*, 628 F.3d 361, 367–68 (7th Cir. 2010). Additionally, I note that Crosslin's ultimate sentence fell within the reduced guideline range after treating crack cocaine and powder cocaine as the same.

One last thing: Crosslin brings up multiple times the sentencing differences between career offenders and non-career offenders. To the extent this is an argument that his counsel was ineffective, I find it perplexing. Crosslin's lawyer filed an objection on this very issue, the Court issued an opinion finding that he was *not* a career offender and sentenced him within the reduced guidelines. [DE 84; DE 97, 15-22.] So, I'm unclear what the nature of his argument is in this regard.

In sum, the Court finds that counsel's performance did not fall below an objective standard of reasonableness. Counsel effectively advocated for Crosslin at both the sentencing hearing as well as through multiple objections to the presentence report, which the Court considered and ruled on. [DE 84.] Under *Strickland*, if I find that counsel was not ineffective under the performance prong of the test, I need not address whether there was prejudice. But I will nonetheless add for good measure that there is no evidence of prejudice in this record. This is because I would have exercised my discretion in the same way, and arrived at the same sentence, regardless of the points

Crosslin has raised.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Crosslin has not stated any grounds for relief under § 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued. 28 U.S.C. § 2253(c)(2); *Welch v. United States*, 136 S. Ct. 1257, 1263-64 (2016). If Crosslin wishes to appeal this Opinion and Order, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure Rule 22.

## Crosslin's Motion for Transcripts

Before he filed his § 2255 motion, Crosslin filed a two-sentence motion to receive a transcript of both the January 18, 2024 hearing and the July 25, 2024 sentencing

hearing. [DE 90.] Two weeks later, the court reporter sent a letter to Crosslin informing him that the fee for him to receive the transcripts would be $330, and provided him with a number to call if he had any questions. Mr. Crosslin never paid the fee, nor did he make any other filings related to his motion for transcripts. Nearly a year later in his reply in support of his § 2255 motion, he asserts that he has been "handicapped" in this case in part by not receiving "sentencing transcripts pertinent to this petition without pay." [DE 99, 1.]

Crosslin "merely contends that he needs the… transcripts in order to prepare his 28 U.S.C. § 2255 petition. The Court will not provide these free of charge unless [the movant] can make some further showing." *United States v. Montgomery*, 2009 WL 1097781, at *1 (S.D. Ill. April 22, 2009). Before free copies of transcripts are provided, a Court may require the requester to show "(1) that he has exhausted *all* other means of access to his files… (2) that he is financially unable to secure access to his court files (*i.e.,* through a showing similar to that required in 28 U.S.C. § 1915(a) (2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action." *Id.*; *see United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455 (7th Cir. 1977).

Crosslin did not provide any reason in his motion as to why he needed these transcripts and did not provide the court with any information showing that he is unable to pay the fee or otherwise access his court files. The motion for transcripts will now be denied.

**Conclusion**

Eric Crosslin's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [DE 95] is DENIED, a certificate of appealability is DENIED, and his motion for transcripts [DE 90] is DENIED.

**SO ORDERED**.

ENTERED:  May 13, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT